UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLO VARTINELLI,

       Plaintiff,

v.                                                                    Case No. 10-10702
                                                                Honorable Patrick J. Duggan

GEORGE PRAMSTALLER,
KHAN A. ZAKIUDDIN, MARY
ELLEN HYNES, and CORRECTIONAL
MEDICAL SERVICES,

       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S AUGUST 18, 2010 ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 26, 2010.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

Plaintiff Carlo Vartinelli ("Plaintiff"), a Michigan Department of Corrections' prisoner, filed this civil rights action against Defendants on February 19, 2010. On April 12, 2010, this Court entered an order referring the matter to Magistrate Judge Virginia M. Morgan for all pre-trial proceedings. Plaintiff subsequently moved for the appointment of counsel, which Magistrate Judge Morgan denied on June 28, 2010. Plaintiff renewed his motion on July 29, 2010, arguing that exceptional circumstances warranted relief. On August 18, 2010, Magistrate Judge Morgan entered an order denying the motion. Presently before this Court are Plaintiff's objections to that decision.

Magistrate Judge Morgan's decision with respect to Plaintiff's motion for the appointment of counsel is a nondispositive pretrial order. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, a magistrate judge's nondispositive pretrial orders shall not be reversed unless they are "clearly erroneous or contrary to law." A magistrate judge's decision on a nondispositive pretrial matter "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948). If there are two permissible views of the evidence, a magistrate judge's choice between them cannot be "clearly erroneous." *Anderson v. City of Bessmer*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1512 (1985).

Magistrate Judge Morgan's decision to not appoint counsel for Plaintiff is neither clearly erroneous nor contrary to law. There is no constitutional or statutory right to the appointment of counsel in a civil case. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). "It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citations omitted). The type of case involved and the plaintiff's ability to represent him or herself are factors relevant in determining whether "exceptional circumstances" exist. *Id*. (citing *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987); *Poindexter v. FBI*, 737 F.2d 1173, 1185 (D.C. Cir.1984)). "This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id*. (quoting *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st

Cir.1986)).

In his motion, Plaintiff identified six "facts" that he claimed constituted "exceptional circumstances" warranting the appointment of counsel in his case. This Court disagrees with his assertion that his case is unusually complex, factually or legally ("Fact 4"). Contrary to his first through third assertion, he is not barred from conducting discovery or obtaining evidence. While he may suffer from some physical impairments ("Fact 5"), his pleadings demonstrate that these disabilities do not prevent him from effectively advocating his case and communicating with the Court. Lastly, the Court cannot conclude at this stage of the pleadings that he is likely to prevail ("Fact 6"). Thus Magistrate Judge Morgan did not err in concluding that exceptional circumstances do not, at this time, warrant the appointment of counsel to represent Plaintiff.

Accordingly,

**IT IS ORDERED**, that Plaintiff's objections to Magistrate Judge Morgan's August 18, 2010 order denying the appointment of counsel for the second time are rejected and the decision is **AFFIRMED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Carlo Vartinelli, #226798
Saginaw Correctional Facility
9625 Pierce Road
Saginaw, MI 48623

Kevin M. Thom, Esq.
Brian J. Richtarcik, Esq.
Randall A. Juip, Esq.