UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLO VARTINELLI,

       Plaintiff,

v.                                                                    Case No. 10-10702
                                                                      Honorable Patrick J. Duggan

GEORGE PRAMSTALLER,
KHAN A. ZAKIUDDIN, MARY
ELLEN HYNES, and CORRECTIONAL
MEDICAL SERVICES,

       Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANT CORRECTIONAL MEDICAL SERVICES, INC.'S AND ZAKIUDDIN A. KHAN'S MOTION TO DISMISS

Plaintiff Carlo Vartinelli ("Plaintiff"), a Michigan Department of Corrections'

prisoner, filed this civil rights action against Defendants on February 19, 2010. On April

12, 2010, this Court entered an order referring the matter to Magistrate Judge Virginia M.

Morgan for all pre-trial proceedings. Defendants Correctional Medical Services, Inc.

("CMS") and Zakiuddin Khan, M.D. ("Dr. Khan") filed a motion to dismiss on

September 20, 2010. In their motion, CMS and Dr. Khan contend that Plaintiff's claims

against them are barred by the applicable three-year statute of limitations.

On December 1, 2010, Magistrate Judge Morgan issued a Report and

Recommendation ("R&R") recommending that this Court deny CMS' and Dr. Khan's

motion. Tolling the statute of limitations during the time when Plaintiff's administrative

grievances were pending, Magistrate Judge Morgan concludes that his claims were timely

filed. At the conclusion of the R&R, Magistrate Judge Morgan informs the parties that

they must file any objections to the R&R within fourteen days and that the failure to file

specific objections constitutes a waiver of any further right of appeal. (R&R at 12.) CMS

and Dr. Khan filed objections on December 15, 2010. The parts of the R&R to which

objections are made will be reviewed by the Court *de novo*. *See* FED. R. CIV. P. 72(b);

*Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).

CMS and Dr. Khan raise one objection to Magistrate Judge Morgan's R&R.

Specifically, they take issue with Magistrate Judge Morgan's conclusion that the statute

of limitations should be tolled during the entire grievance process. CMS and Dr. Khan

argue that because Michigan Department of Corrections' Policy Directive 03.02.130

provides that the entire grievance process "shall be completed within 90 calendar days

unless an extension has been approved," ninety (90) days is the maximum amount of

tolling that should be available to an inmate-plaintiff. If Plaintiff's claims are tolled only

for the ninety days that his grievances *should have been* completed pursuant to Policy

Directive 03.02.130, they would be time-barred. This Court agrees with Magistrate Judge

Morgan, however, that this should not be the rule.

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71,

as amended 42 U.S.C. §§ 1997e *et seq.*, "[n]o action shall be brought with respect to

prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative

remedies *as are available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added).

Accordingly, exhaustion of *all available* administrative remedies is *mandatory* in order

for prisoners to bring a claim in federal court. *Jones v. Bock*, 549 U.S. 199, 202, 127 S.

Ct. 910, 914 (2007); *Woodford v. Ngo*, 548 U.S. 81, 83, 126 S. Ct. 2378, 2382-83 (2006).

The Supreme Court defines proper exhaustion as "'using all steps that the agency holds

out, and doing so properly (so that the agency addresses the issues on the merits).'"

*Woodford*, 548 U.S. at 90, 126 S. Ct. at 2385 (emphasis removed) (quoting *Pozo v.*

*McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.2002)).

Michigan Department of Corrections' Policy Directives set forth a three-step

grievance procedure. *See Jones v. Bock*, 549 U.S. at 207, 127 S. Ct. at 916 (summarizing

the MDOC grievance process). As this Court has previously indicated, "[f]ailure to

appeal through Step III violates the mandate of *Woodford*." *King v. Bell*, No. 09-10001,

2009 WL 4646079, at *3 (E.D. Mich. Dec. 7, 2009) (citing *Baker v. Vanderark*, 2007 WL

3244075, at *17 (W.D. Mich.2007)). Accordingly, judges in this district regularly

dismiss claims brought by prisoners who have failed to complete the third-step of the

grievance procedure. *See, e.g., King, supra*; *Simpson v. Corr. Med. Serv.*, No. 07,12609,

2008 WL 3539259, at *8 (E.D. Mich. Aug. 11, 2008); *Sharpe v. Idemudia*, No. 07-14386,

2008 WL 2607822, at *6 (E.D. Mich. June 30, 2008). Because a prisoner is required to

exhaust all of his or her administrative remedies prior to filing a complaint in federal

court, it would be absurd to not toll the entire period it took to comply with that

requirement. Such a rule would allow prison authorities to delay review of a prisoner's

grievance until the statute of limitations ran.

CMS and Dr. Khan contend that a prisoner may file a civil action before exhausting all available administrative remedies if the entire grievance process is not completed within ninety calendar days. However, CMS and Dr. Khan cite no authority for this contention. Allowing prisoners to circumvent the grievance process would be contrary to the reasons exhaustion of administrative remedies is required:

> The Sixth Circuit has 'identified the benefits of exhaustion to include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.

(R&R at 9 (quoting *Jones v. Bock*, 549 U.S. at 219, 127 S. Ct. at 923).)

For these reasons, the Court rejects CMS' and Dr. Khan's objections to Magistrate Judge Morgan's December 1, 2010 R&R.

Accordingly,

**IT IS ORDERED**, that CMS' and Dr. Khan's motion to dismiss (Doc. 36) is **DENIED**.

|  |  |
|---|---|
| | s/PATRICK J. DUGGAN |
| Date: December 21, 2010 | UNITED STATES DISTRICT JUDGE |

4

Copies to:
Carlo Vartinelli, #226798
Saginaw Correctional Facility
9625 Pierce Road
Saginaw, MI 48623

Kevin M. Thom, Esq.
Brian J. Richtarcik, Esq.
Randall A. Juip, Esq.