UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLO VARTINELLI,

      Plaintiff,

v.                                           Case No. 10-10702
                                             Honorable Patrick J. Duggan

GEORGE PRAMSTALLER,
KHAN A. ZAKIUDDIN, MARY
ELLEN HYNES, and CORRECTIONAL
MEDICAL SERVICES,

      Defendants.
_____/

**OPINION AND ORDER GRANTING (1) DEFENDANTS HYNES' AND PRAMSTALLER'S RULE 12(B) PARTIAL MOTION FOR DISMISSAL AND MOTION FOR SUMMARY JUDGMENT AND (2) DEFENDANT CMS' AND KHAN'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

Plaintiff Carlo Vartinelli ("Plaintiff"), a Michigan Department of Corrections' prisoner, filed this civil rights action against Defendants on February 19, 2010. On April 12, 2010, this Court entered an order referring the matter to Magistrate Judge Virginia M. Morgan for all pre-trial proceedings. Defendants George Pramstaller ("Pramstaller") and Mary Ellen Hynes ("Hynes") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) and for summary judgment pursuant to Rule 56 on October 29, 2010. Defendants Correctional Medical Services, Inc. ("CMS") and Zakiuddin Khan, M.D. ("Dr. Khan") filed a motion to dismiss and/or for summary judgment on November 18, 2010.

On March 18, 2011, Magistrate Judge Morgan issued separate reports and

recommendations ("R&Rs") addressing the motions and recommending that this Court grant the motions. Magistrate Judge Morgan finds several basis to dismiss and/or grant summary judgment to Hynes and Pramstaller: failure to exhaust administrative grievance procedures with respect to Plaintiff's claims against these defendants; failure to assert a State constitutional claim; Eleventh Amendment immunity to the extent Plaintiff is suing these individuals in their official capacities; the statute of limitations bars claims based on events before February 19, 2007; and failure to present evidence of these defendants' personal involvement in the alleged unconstitutional conduct. (Doc. 81.)

With respect to Defendant CMS and Khan, Magistrate Judge Morgan concludes that the evidence fails to support a claim of retaliation or deliberate indifference or gross negligence to Plaintiff's myositis or fish allergy. (Doc. 82.) The magistrate judge further concludes that Plaintiff fails to present evidence to support a supervisory liability claim against Khan or that CMS maintained a custom, policy, or procedure resulting in the denial of his constitutional rights. (*Id*.)

At the conclusions of the R&Rs, Magistrate Judge Morgan informs the parties that they must file any objections to the R&R within fourteen days and that the failure to file specific objections constitutes a waiver of any further right of appeal. (Doc. 81 at 23; Doc. 82 at 20-21.) Plaintiff filed objections to the R&R on May 5, 2011. (Doc. 87.) Pramstaller and Hynes filed a response to Plaintiff's objections on May 19, 2011. (Doc. 90.) CMS and Khan filed a response to Plaintiff's objections on May 23, 2011. (Doc. 91.)

The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas*, 131 F. Supp. 2d at 944 (citations omitted). Furthermore, the court "need not provide *de novo* review where the objections are frivolous, conclusive, or general." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). The Court only will address Plaintiff's specific and non-frivolous objections to the R&Rs.

First, Plaintiff contends that Magistrate Judge Morgan's findings with respect to the applicable statute of limitations is contrary to her December 21, 2010 report and recommending denying CMS' and Khan's motion to dismiss. In her earlier R&R, Magistrate Judge Morgan concluded that Plaintiff's claims against CMS and Khan were tolled while his administrative grievances were pending and, therefore, timely. (Doc. 69 at 1.) In her current R&Rs, the magistrate judge does not recommend dismissal of Plaintiff's claims against CMS or Khan based on the statute of limitations; rather, she only finds Plaintiff's claims against Pramstaller and most of his claims against Hynes time-barred. While Plaintiff takes issue with the magistrate judge's finding that he failed to properly file grievances against Hynes and Pramstaller, there is no merit to his arguments on this issue.[1]

---

[1] In his objections, Plaintiff also asserts the "continuing wrong" rule and claims that because MDOC considered his grievances against Hynes and Pramstaller, his failure to specifically identify them by name at Step I of the grievance process is immaterial. Neither argument has merit. As to the last argument, the cases Plaintiff cites are

3

Plaintiff objects to Magistrate Judge Morgan's finding that Plaintiff failed to present evidence to demonstrate Pramstaller's or Hynes' personal involvement in the alleged unconstitutional conduct. Plaintiff argues that the evidence shows Hynes interviewed Plaintiff in response to his grievance, reviewed his grievances, and vocalized her discontent regarding Plaintiff's complaints to Lansing. This conduct, however, does support liability under § 1983.

As Magistrate Judge Morgan correctly reasoned, the denial of an administrative grievance and the failure to remedy an alleged constitutional violation is not sufficient to establish personal liability under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). With respect to Pramstaller, Plaintiff argues that he is the person in charge of directing medical policies and copies of Plaintiff's grievances were sent to him. As discussed regarding Hynes, the latter conduct does not establish Pramstaller's liability under § 1983. Plaintiff fails to identify a specific custom, policy or procedure instituted by Pramstaller that resulted in a violation of Plaintiff's constitutional rights and there is no respondeat superior liability under § 1983. *Turner v. Taylor*, 412 F.3d 629, 649 (6th Cir. 2005).

Finally, Plaintiff contends that Magistrate Judge Morgan ignored evidence and

---

distinguishable in that Plaintiff did not allege conduct at Step I of the grievance process that Defendants should have known was attributable to Hynes or Pramstaller. To the extent he alleges misconduct by Hynes and Pramstaller in his grievances, his complaints relate to their response to his grievances which, as Magistrate Judge Morgan correctly concluded and as discussed *infra*, fails to establish their liability pursuant to § 1983. (Doc. 81 at 21-22 (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).)

improperly made credibility findings with respect to his Eighth Amendment claim alleging deliberate indifference to his medical needs. In his Complaint, Plaintiff alleges that Khan violated his Eighth Amendment rights by immediately discontinuing prednisone and exposing him to fish despite his fish allergy. To succeed on a deliberate indifference claim, a plaintiff must establish two elements: (1) that the plaintiff had a serious medical need and (2) the defendant "subjectively perceived a risk of harm and then disregarded it." *Comstock v. McCrary*, 273 F.3d 693, 702-03 (6th Cir. 2001).

The evidence Plaintiff claims Magistrate Judge Morgan ignored does not contradict her finding that Khan subjectively believed that Plaintiff should not be taking prednisone and that, in his medical judgment, a 10 milligram daily dose such as Plaintiff's, can be stopped immediately. The evidence also does not contradict Magistrate Judge Morgan's finding that Plaintiff did not suffer or complain of any injury as a result of being immediately taken off prednisone. Finally, contrary to Plaintiff's claim, Magistrate Judge Morgan accepted for purposes of deciding Defendants' motions, that Plaintiff has serious medical needs, including an allergy to fish. Magistrate Judge Morgan concluded, however, that Plaintiff failed to demonstrate a genuine issue of fact as to whether Khan subjectively perceived a risk of harm and then disregarded it. The evidence Plaintiff identifies in his objections does not convince this Court that Magistrate Judge Morgan erred in this finding. This evidence also does not show that Khan intentionally exposed Plaintiff to fish or failed to treat any allergic reaction he suffered as a result of any exposure.

5

In conclusion, this Court rejects Plaintiff's objections to Magistrate Judge Morgan's R&Rs and adopts the magistrate judge's recommendations.

Accordingly,

**IT IS ORDERED**, that Defendants George Pramstaller's and Mary Ellen Hynes' Rule 12(b) Partial Motion for Dismissal and for Summary Judgment (Doc. 52) is **GRANTED**;

**IT IS FURTHER ORDERED**, that Defendants Correctional Medical Services, Inc.'s and Zakiuddin Khan, M.D.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 (Doc. 58) is **GRANTED**.

Date: June 8, 2011

                                                   s/PATRICK J. DUGGAN
                                                   UNITED STATES DISTRICT JUDGE

Copies to:
Carlo Vartinelli, #226798
Carson City Correctional Facility
10274 Boyer Road
Carson City, MI   48811

Kevin M. Thom, Esq.
Brian J. Richtarcik, Esq.
Randall A. Juip, Esq.